1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ARTHUR FRANKLIN KNOX,                    )   Case No. CV 15-01631-GHK (RNB)
                           Petitioner,   )
                                         )   ORDER TO SHOW CAUSE
                 vs.                     )
                                         )
JOHN SOTO (Warden),                      )
                                         )
                           Respondent.   )
_____    )

On or about February 26, 2015, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein.[1]  The Petition purports to be directed to a conviction sustained by petitioner in Los Angeles County Superior Court in 2011.

Since this action was filed after the President signed into law the Antiterrorism

_____

[1]     The Ninth Circuit has held that the prison mailbox rule applies to a habeas petitioner's state and federal filings.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). Here, although the Petition did not include a proof of service page, petitioner's note to the Clerk of the Court requesting a copy of the Petition is dated February 26, 2015 and the Court presumes that is the date petitioner turned the Petition over to the prison authorities for mailing.

1

and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d).  See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[2]  28 U.S.C. § 2244(d) provides:

> "(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

---

[2]   Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

1    Here, pursuant to <u>Porter v. Ollison</u>, 620 F.3d 952, 954-55 (9th Cir. 2010)

2   (noting that it is proper to take judicial notice of "any state court dockets or pleadings

3   that have been located (including on the Internet)"), the Court takes judicial notice

4   from the California Appellate Courts website that petitioner's Petition for Review

5   was denied by the California Supreme Court on September 11, 2013.[3]  Thus, "the date

6   on which the judgment became final by conclusion of direct review or the expiration

7   of the time for seeking such review" was December 10, 2013, when the 90-day period

8   for petitioner to petition the United States Supreme Court for a writ of certiorari

9   expired.  <u>See</u> <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999); <u>Beeler</u>, 128

10   F.3d at 1286 n.2.  Moreover, given the nature of petitioner's claims herein, it does not

11   appear that any of the other "trigger" dates under 28 U.S.C. § 2244(d)(1) apply here.

12   <u>See</u> <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations

13   begins to run when a prisoner "knows (or through diligence could discover) the

14   important facts, not when the prisoner recognizes their legal significance").  Thus,

15   unless a basis for tolling the statute existed, petitioner's last day to file his federal

16   habeas petition was December 10, 2014.  <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243,

17   1246 (9th Cir. 2001); <u>Beeler</u>, 128 F.3d at 1287-88.

18    28 U.S.C. § 2244(d)(2) provides:

19   "The time during which a properly filed application for State post-

20   conviction or other collateral review with respect to the pertinent

21   judgment or claim is pending shall not be counted toward any period of

22   limitation under this subsection."

23

24    In <u>Nino v. Galaza</u>, 183 F.3d 1003 (9th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1104

25   (2000), the Ninth Circuit construed the foregoing tolling provision with reference to

26

27    [3]    In the Petition, petitioner mistakenly states that his Petition for Review

28   was denied on January 1, 2014.

3

California's post-conviction procedures.  The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."  See id. at 1006.  Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court).  However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge.  See Nino, 183 F.3d at 1006.

Here, it appears from the face of the Petition and the attachments thereto that petitioner's first collateral challenge was the Los Angeles County Superior Court habeas petition that he constructively filed on or about May 28, 2014.  However, petitioner would not be entitled to any statutory tolling for the pendency of that petition, or for the interval between the June 19, 2014 denial of that petition and the July 21, 2014 constructive filing of his Court of Appeal habeas petition, or for the pendency of his Court of Appeal habeas petition, because the copies of the denial orders attached to the Petition reflect that (a) the Superior Court denied petitioner's habeas petition inter alia on the ground of unjustified delay, and (b) the California Court of Appeal denied petitioner's habeas petition with citations inter alia to In re Clark, 5 Cal. 4th 750, 765-75 (1993) and In re Robbins, 18 Cal. 4th 770, 780 (1998), which signified that the petition was being denied inter alia for untimeliness.  See, e.g., Bennett v. Mueller, 322 F.3d 573, 581-83 (9th Cir.) (recognizing California's untimeliness bar is represented by citations to Robbins and Clark), cert. denied, 540 U.S. 938 (2003); see also Walker v. Martin, - U.S. -, 131 S. Ct. 1120, 1124, 179 L. Ed. 2d 62 (2011) ("California courts signal that a habeas petition is denied as untimely by citing the controlling decisions, i.e., Clark and Robbins.").

Consequently, neither petition qualified as having been "properly filed" within the meaning of § 2244(d)(2).  See Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (holding that "time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's [state] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); see also Carey, 536 U.S. at 225-26 (noting that if the state court expressly holds delay was unreasonable, petition is no longer "pending"); Porter, 620 F.3d at 958 ("For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) ("Under Pace, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled.").

Moreover, although the California Supreme Court summarily denied petitioner's subsequent habeas petition without comment or citation of authority, the Court "looks through" that unexplained denial to the lower courts' reasoned denials on procedural grounds.  See Ylst v. Nunnemaker, 501 U.S. 797, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991) ("[W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."); see also, e.g., Harrison v. Campbell, 254 Fed. Appx. 644, 645 (9th Cir. 2007) (citable for its persuasive value pursuant to Ninth Circuit Rule 36–3) (where a California superior court "clearly held that [petitioner's] state petition ... was 'untimely[,]' [t]he district court properly imputed this determination to the California Court of Appeal and Supreme Court," due to "the presumption that the higher courts' unexplained orders leaving in effect the consequences of the lower court's decision rested on the same grounds as those articulated in the last reasoned decision"); Angel v. Yates, 2011 WL 1326838, at *3 (C.D. Cal. Mar. 17, 2011) (holding that, pursuant to the Ylst "look through" doctrine, the petitioner was not entitled to statutory tolling for the time any

5

1    of his three state habeas petitions were pending where the Superior Court had issued
2    a reasoned order denying the petition in part on the ground that it was untimely and
3    the higher courts had issued silent denials), Report and Recommendation Adopted by
4    2011 WL 1326822 (C.D. Cal. Mar. 31, 2011); Vigil v. Small, 2010 WL 1852498, 5
5    (C.D. Cal. Mar. 20, 2010) (holding that the state appellate court's denial of the
6    petitioner's habeas petition with citations to In re Harris and In re Clark constituted
7    a denial on timeliness grounds, and that the California Supreme Court's silent denial
8    of the petitioner's next habeas petition was assumed to have been on the same
9    grounds), Report and Recommendation Adopted by 2010 WL 1852420 (C.D. Cal.
10   May 05, 2010).

11        It thus appears to the Court that petitioner is not entitled to any statutory tolling
12   of the limitation period.

13        In Holland v. Florida, - U.S. -, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130
14   (2010), the Supreme Court held that the AEDPA's one-year limitation period also is
15   subject to equitable tolling in appropriate cases.  However, in order to be entitled to
16   equitable tolling, the petitioner must show both that (1) he has been pursuing his
17   rights diligently, and (2) some extraordinary circumstance stood in his way and
18   prevented his timely filing. See Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S.
19   at 418). The Ninth Circuit has held that the Pace standard is consistent with the Ninth
20   Circuit's "sparing application of the doctrine of equitable tolling."  See Waldron-
21   Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, 130 S. Ct. 244
22   (2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were
23   the cause of his untimeliness and that the extraordinary circumstances made it
24   impossible to file a petition on time.'" Porter, 620 F.3d at 959 (quoting Ramirez v.
25   Yates, 571 F.3d 993, 997 (9th Cir. 2009)).  "[T]he threshold necessary to trigger
26   equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."
27   Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003
28   (2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be

6

1   justified in few cases.  See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); see

2   also Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary

3   circumstances' necessarily suggests the doctrine's rarity, and the requirement that

4   extraordinary circumstances 'stood in his way' suggests that an external force must

5   cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation

6   or negligence on [the petitioner's] part, all of which would preclude the application

7   of equitable tolling.'").

8        Here, the Court notes that, in his Motion for Appointment of Counsel filed

9   concurrently with the Petition, petitioner contends that he "has no legal training and

10   limited opportunities to educate himself in legal theory," and that he "is unable to

11   write legal argument, or to research and identify the legal authority relevant to [his]

12   claims."   However, none of these circumstances constitutes an "extraordinary

13   circumstance" entitling petitioner to any equitable tolling of the limitation period.

14   See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro

15   se petitioner's lack of legal sophistication is not, by itself, an extraordinary

16   circumstance warranting equitable tolling" of the AEDPA limitations period);

17   Gazzeny v. Yates, 2009 WL 294199, at *6 (C.D. Cal. Feb. 4, 2009) (noting that "[a]

18   prisoner's illiteracy or ignorance of the law do not constitute extraordinary

19   circumstances" for purposes of tolling of the AEDPA statute of limitations);

20   Ekenberg v. Lewis, 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of

21   the law and lack of legal assistance do not constitute such extraordinary

22   circumstances."); Bolds v. Newland, 1997 WL 732529, at *2 (N.D. Cal. Nov. 12,

23   1997) ("Ignorance of the law and lack of legal assistance do not constitute such

24   extraordinary circumstances.").

25        It thus appears to the Court that, when the Petition herein was constructively

26   filed on or about February 26, 2015, it was untimely by 78 days.

27        The Ninth Circuit has held that the district court has the authority to raise the

28   statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the

Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **April 13, 2015**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

DATED:  March 9, 2015

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

8